# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:21-CV-217-FDW-DCK

| | |
|---|---|
| **DAVID CARR, and MICHAEL SLAFKA,** )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**FAIRWAY TOWNES OWNERS'** )<br>**ASSOCIATION, INC., HENDERSON** )<br>**PROPERTIES, INC., THOMAS F. REECE,** )<br>**PAMELA L. HARRINGTON, THOMAS V.** )<br>**BENNETT, PAUL H. VANDIVER JR.,** )<br>**LAURA MILLER, ROBERT M. JOHNS JR.** )<br>**ROBERT D. FREEMAN, CHAN M. AHN** )<br>**SELLERS, AYERS, DORTCH & LYONS, P.A.,** )<br>**PHIL HENDERSON, AHN LAW FIRM, LLC,** )<br>**KRISTEN MULLINAX, BETHANY** )<br>**TOTHEROW, G. BRUCE TURNER,** )<br>**CYNTHIA JONES, CAPITAL EXTERIORS &** )<br>**RENOVATIONS, LLC, KUESTER** )<br>**MANAGEMENT GROUP, LLC, and** )<br>**WILLIAM DOUGLAS MANAGEMENT, INC.,** )<br>)<br>**Defendants.** )<br>) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on *pro se* Plaintiff's "Motion To Strike [And] Motion For Extension Of Time [And] Motions For Injunctive And Other Relief" (Document No. 11) and "Motion To Compel [And] Motion For Extension Of Time" (Document No. 15). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motions and the record, the undersigned will grant the motions in part and deny the motions in part.

## BACKGROUND

Plaintiffs Michael Slafka ("Slafka") and David Carr ("Carr"), appearing *pro se*, initiated this action with the filing of their "Complaint And Demand For Jury Trial" (Document No. 1) on May 10, 2021. The crux of the Complaint seems to be alleged misconduct by a Homeowner's Association and related parties. (Document No. 1, p. 7). The Complaint includes an "a" through "z" "non-exhaustive list of the plaintiffs' [26] causes of action." (Document No. 1, pp. 15-16). Plaintiffs seek $57,000,000.00 in total damages. (Document No. 1, p. 22).

Defendants "Fairway Townes Owners' Association, Inc. And Henderson Properties, Inc.'s Motion For Extension Of Time" (Document No. 4) was filed on June 1, 2021, requesting an extension of time to file answer or otherwise respond to Plaintiffs' Complaint. The Court promptly allowed the extension. (Document No. 5). Defendants were directed to "file Answers, or otherwise respond to Plaintiff's Complaint, on or before **July 2, 2021**." Id.

Now pending are "Henderson Properties, Inc.'s Motion To Dismiss" (Document No. 7) filed June 16, 2021; and "Fairway Townes Owners' Association, Inc.'s Motion To Dismiss" (Document No. 9) filed on June 29, 2021. Also pending are *pro se* Plaintiff's "Motion To Strike [And] Motion For Extension Of Time [And] Motions For Injunctive And Other Relief" (Document No. 11) and "Motion To Compel [And] Motion For Extension Of Time" (Document No. 15).

## DISCUSSION

In the interests of judicial economy and efficient case management, the undersigned will address *pro se* Plaintiffs' motions without further delay or additional filings. The undersigned notes that these two filings purport to assert about fifteen (15) separate "motions." (Document Nos. 11 and 15).

The undersigned finds that the pending motions fail to comply with the Local Rules. For example, Plaintiffs' filings and/or motions seem to be, at least in part, responses to the pending motions to dismiss. Pursuant to the Local Rules, "[m]otions shall not be included in responsive briefs." See LCvR 7.1(c)(2). Moreover, "[e]ach motion must be set forth as a separately filed pleading" and "[a] brief must be filed contemporaneously with the motion." See LCvR 7.1(c). A cursory review of Plaintiffs' motions suggests that many of them are premature, frivolous, and/or completely unsupported by any legal authority. See (Document Nos. 11 and 15).

Plaintiffs are respectfully advised that even though they are appearing *pro se*, they must abide by the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Orders of this Court. In this instance, the undersigned will deny Plaintiffs' motions without prejudice, but will allow additional time to file responses to the pending motions to dismiss.

In accordance with Roseboro v. Garrison, 582 F.2d 309 (4th Cir. 1975), the Court advises Plaintiffs that they have a right to respond to Defendants' motions to dismiss. The Court also advises Plaintiffs that failure to file timely and persuasive responses may result in Defendants being granted the relief they seek, that is, the dismissal of the Complaint.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' "Motion To Strike [And] Motion For Extension Of Time [And] Motions For Injunctive And Other Relief" (Document No. 11) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiffs' "Motion To Compel [And] Motion For Extension Of Time" (Document No. 15) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiffs shall file responses to Henderson Properties, Inc.'s Motion To Dismiss" (Document No. 7) and "Fairway Townes Owners' Association, Inc.'s

Motion To Dismiss" (Document No. 9) on or before **July 30, 2021**.  In the alternative, Plaintiffs may file an Amended Complaint, pursuant to Fed.R.Civ.P. 15, on or before **July 30, 2021**.

    **SO ORDERED**.

Signed: July 14, 2021

David C. Keesler
United States Magistrate Judge