# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CASE NO. 3:21-CV-217-FDW-DCK

| | |
|---|---|
| MICHAEL SLAFKA and DAVID CARR, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>THOMAS F. REECE, et al., )<br>)<br>Defendants. )<br>) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on *pro se* Plaintiffs' "Motion For Extension Of Time" (Document No. 50) and "Motion For Leave To File First Amended Complaint" (Document No. 51). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motions, the record, and applicable authority, the undersigned will deny the motion to amend and grant the motion for extension of time.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001)); see also, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

## DISCUSSION

The undersigned finds that there is sufficient evidence of prejudice and/or futility to outweigh the interests of justice that favor granting leave to amend; therefore, the undersigned will deny Plaintiffs' "Motion For Leave To File First Amended Complaint" (Document No. 51).

The undersigned observes that Plaintiffs' original "Complaint" (Document No. 1) was filed on May 10, 2021. "Henderson Properties, Inc.'s Motion To Dismiss" (Document No. 7) was filed on June 16, 2021; and "Fairway Townes Owners' Association, Inc.'s Motion To Dismiss" (Document No. 9) was filed on June 29, 2021. On June 30, 2021, *pro se* Plaintiffs made a filing seeking multiple forms of relief, including an extension of time to respond to the motion(s) to dismiss, or in the alternative, leave to amend. See (Document No. 11, p. 4).

On July 15, 2021, the undersigned granted Plaintiffs an extension of time to file responses to the pending motions to dismiss **or** to file an Amended Complaint by July 30, 2021. (Document No. 16). Plaintiffs timely-filed a sixty-six (66) page "Amended Complaint" (Document No. 18) on July 30, 2021.

Based on the Amended Complaint, "Henderson Properties, Inc.'s Motion To Dismiss" (Document No. 7) and "Fairway Townes Owners' Association, Inc.'s Motion To Dismiss" (Document No. 9) must now be dismissed as moot. It is well settled that a timely-filed amended

pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

Since the filing of the Amended Complaint (Document No. 18), there have been six (6) new motions to dismiss filed, *including* renewed motions by Defendants Henderson Properties, Inc. and Fairway Townes Owners' Association, Inc. See (Document Nos. 23, 26, 28, 30, 36, and 39). To date, Plaintiffs have failed to file responses to those motions to dismiss and the time to do so has lapsed for several of the motions. See Local Rule 7.1(e).

On August 31, 2021, *pro se* Plaintiffs filed a "Motion For Extension Of Time" (Document No. 50) and a "Motion For Leave To File First Amended Complaint" (Document No. 51). Plaintiffs now seek additional time to respond to the pending motions to dismiss, or, leave to amend their Amended Complaint. Plaintiffs, however, offer no support for their request to amend. (Document Nos. 50 and 51). For example, there is no allegation that they need to make any corrections to the Amended Complaint, add pertinent facts, or add (or dismiss) other parties. Moreover, the undersigned finds the request to amend to be untimely and that it would unfairly prejudice the multiple Defendants named in this lawsuit.

Based on the foregoing, the undersigned will deny the motion to amend, but allow an extension of time for responses. In accordance with Roseboro v. Garrison 582 F.2d 309 (4th Cir.

3

1975), the Court advises Plaintiffs, who are proceeding *pro se*, of the right to respond to Defendants' motions to dismiss. The Court also advises Plaintiffs that failure to respond may result in Defendants being granted the relief they seek, that is, the dismissal of the Complaint.

**IT IS, THEREFORE, ORDERED** that "Henderson Properties, Inc.'s Motion To Dismiss" (Document No. 7) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that **"**Fairway Townes Owners' Association, Inc.'s Motion To Dismiss" (Document No. 9) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiffs' "Motion For Leave To File First Amended Complaint" (Document No. 51) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' "Motion For Extension Of Time" (Document No. 50) is **GRANTED**. Plaintiffs shall file responses to *each* pending motion to dismiss (Document Nos. 23, 26, 28, 30, 36, and 39) on or before **September 22, 2021**. Failure to file timely and persuasive responses will likely lead to the dismissal of this lawsuit.

The Clerk of Court is directed to send a copy of this Order to *pro se* Plaintiffs by certified U.S. Mail, return receipt requested.

**SO ORDERED**.

Signed: September 2, 2021

David C. Keesler
United States Magistrate Judge