UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-cv-00217-FDW-DCK

| | |
|---|---|
| DAVID CARR and MICHAEL SLAFKA, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>THOMAS F. REECE; PAMELA L. )<br>HARRINGTON; THOMAS V. BENNETT; )<br>PAUL H. VANDIVER, JR.; LAURA )<br>MILLER; ROBERT M. JOHNS, JR.; )<br>ROBERT D. FREEMAN; CHAN M. AHN; )<br>PHIL HENDERSON; KRISTEN )<br>MULLINAX; BETHANY TOTHEROW; G. )<br>BRUCE TURNER; CYNTHIA JONES; )<br>CAPITAL EXTERIORS & )<br>RENOVATIONS, LLC; KUESTER )<br>MANAGEMENT GROUP, LLC; WILLIAM )<br>DOUGLAS MANAGEMENT, INC.; )<br>HENDERSON PROPERTIES, INC.; )<br>FAIRWAY TOWNES OWNERS' )<br>ASSOCIATION, INC.; SELLERS, AYERS, )<br>DORTCH & LYONS, P.A.; and AHN LAW )<br>FIRM, LLC; )<br>)<br>Defendants. )<br>) | ORDER<br>and<br>NOTICE |

THIS MATTER is before the Court on multiple pending motions filed by the parties in this case. Plaintiffs, who both appear *pro se* in this matter, have filed various "Motions for Judicial Notice" and a "Motion for Default Judgment." Several Defendants have appeared through counsel, who have in turn filed motions to dismiss the Amended Complaint and requested a hearing on the same. For the reasons below, the Court DENIES Plaintiffs' motions (Doc. Nos. 42, 52, 53, 54, 55, 56, 57, 58, 59), DENIES the responding Defendants' motions for a hearing (Doc. Nos. 33, 35, 67), and hereby provides NOTICE to Plaintiffs, who appear pro se, of the burden they carry in

1

responding to the motions to dismiss and their deadline for doing so (Doc. Nos. 23, 26, 28, 30, 36, 39, 65, 67, 70).

First, the Court summarily DENIES Plaintiffs' Motions to Take Judicial Notice, (Docs. Nos. 52, 53, 54, 55, 56, 57, 58, 59), as those motions contain exhibits that are not appropriate subject matter for judicial notice. The Fourth Circuit has explained, "[J]udicial notice must not 'be used as an expedient for courts to consider "matters beyond the pleadings" and thereby upset the procedural rights of litigants to present evidence on disputed matters.'" Goldfarb v. Mayor & City Council of Baltimore, 791 F.3d 500, 511 (4th Cir. 2015) (quoting Waugh Chapel S., LLC v. United Food & Commercial Workers Union Local, 728 F.3d 354, 360 (4th Cir. 2013)). In Goldfarb, the Fourth Circuit declined to take judicial notice of exhibits where "parties vehemently disagree about the nature and scope" of the exhibits, "putting at issue basic factual matters relevant to interpreting what those exhibits mean." 791 F.3d at 511. While the exhibits Plaintiffs have submitted may become relevant evidence in this case as governed by the Federal Rules of Evidence and Federal Rules of Civil Procedure, the instant motions seek to have the Court conclusively find as fact how those exhibits should be treated. Because Plaintiffs seek notice of their *own* interpretation of those exhibits, judicial notice is not appropriate. Those motions are DENIED.

Next, the Court also summarily DENIES Plaintiffs' "Motion for Default Judgment," (Doc. No. 42). As an initial matter, it is more appropriately construed as a motion for *entry of default* under Fed. R. Civ. P. 55(a) as that must first occur prior to *default judgment* under Fed. R. Civ. P. 55(b). Nevertheless, the record is clear that the party against whom Plaintiffs seek entry of default—Defendant Fairway Townes Owners Association, Inc.—has timely responded to the Complaint. This motion is DENIED.

2

Finally, the Court turns to the motions to dismiss filed by several Defendants in this matter, (Doc. Nos. 23, 26, 28, 30, 36, 39, 65, 67, 70), and the associated motions for hearing on those motions, (Doc. Nos. 33, 35, 67). After reviewing the motions to dismiss, the Court summarily DENIES Defendants' motions for hearing because nothing in the motions to dismiss suggests oral argument would aid in the decisional process.

In addition, the Court hereby notifies Plaintiffs that, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), they have the right to respond to Defendants' motions to dismiss and carry a burden of proof in so responding.[1] The Court further extends Plaintiff's deadline to respond to the pending motions to December 30, 2021. The Court also advises Plaintiffs that failure to respond may result in dismissal of the complaint.

## Fed. R. Civ. Pro. 12(b)(2)

Defendants AHN Law Firm, LLC, and Chan M. Ahn filed a Motion to Dismiss under Rules 12(b)(2) contending that this Court lacks personal jurisdiction over them. The issue of personal jurisdiction is to be resolved by a judge, with the burden on the plaintiff to show beyond a preponderance of the evidence, that the court has justification for exercising jurisdiction. Dring v. Sullian, 423 F.Supp.2d 540, 543 (D. Maryland 2009). Here, Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(2), contending this Court lacks personal jurisdiction over

---

[1] The Fourth Circuit did not hold in Roseboro that such notice is required for motions to dismiss. Rather, the Fourth Circuit's discussion in Roseboro regarding notice was directed to summary judgment motions. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) ("We agree with the plaintiff, however, that there is another side to the coin which requires that the plaintiff be advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him."); see also Norman v. Taylor, 25 F.3d 1259, 1261 (4th Cir. 1994) ("In Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), this circuit held that pro se plaintiffs must be advised that their failure to file responsive material when a defendant moves for summary judgment may well result in entry of summary judgment against them."). Nevertheless, courts routinely issue Roseboro notices for motions to dismiss, and the Court does so here.

3

them. The issue of personal jurisdiction is to be resolved by a judge, with the burden on the plaintiff to show beyond a preponderance of the evidence, that the court has justification for exercising jurisdiction. Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989) (citation omitted). In sum, "the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge." Id.

### Fed. R. Civ. Pro. 12(b)(4)

Defendants AHN Law Firm, LLC, and Chan M. Ahn also assert that Fed. R. Civ. Pro. 12(b)(4) is an additional ground for dismissal, specifically alleging that the process was insufficient as a matter of law. The burden to prove that process has been executed in accordance with Rule 4 of the Federal Rules of Civil Procedure is on the plaintiff. Plant Genetic Systems v. Ciba Seeds, 933 F.Supp. 519, 526 (M.D.N.C. 1996). Plaintiff is hereby informed that Rule 4(c) provides:

> (c) Service.
>
> (1) In General. A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.
>
> (2) By Whom. Any person who is at least 18 years old and not a party may serve a summons and complaint.
>
> (3) By a Marshal or Someone Specially Appointed. At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. §1915 or as a seaman under 28 U.S.C. §1916.

Fed. R. Civ. P. 4(c). Plaintiffs are hereby advised that it is their burden to show how process was sufficient under the above standards.

4

**Fed. R. Civ. Pro. 12(b)(5)**

The motion to dismiss filed by Defendants AHN Law Firm, LLC, and Chan M. Ahn also implicates Rule 12(b)(5) as additional grounds for dismissal, specifically alleging that attempted service of process on them was insufficient as a matter of law. As noted above, the burden to prove that process has been executed in conformity with Rule 4 of the Federal Rules of Civil Procedure is on the plaintiff. Plant Genetic Systems v. Ciba Seeds, 933 F.Supp. 519, 526 (M.D.N.C. 1996). "The provisions of [Rule 4] should be liberally construed to effectuate service and uphold the jurisdiction of the court, thus insuring the opportunity for a trial on the merits." Karlsson v. Rabinowitz, 318 F.2d 666, 668 (4th Cir. 2011). Plaintiff is hereby informed that Rule 4(e) provides:

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Plaintiff is also hereby informed that Rule 4(h) provides:

> (h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> (1) in a judicial district of the United States:
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

5

    (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or
(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h).

Pursuant to the above stated rules, North Carolina Rule of Civil Procedure 4(j) may permissibly be followed to effectuate service of process upon Defendants in this case. Accordingly, Plaintiffs are hereby informed that North Carolina Rule of Civil Procedure 4(j) provides:

(j) Process -- Manner of service to exercise personal jurisdiction. -- In any action commenced in a court of this State having jurisdiction of the subject matter and grounds for personal jurisdiction as provided in G.S. 1-75.4, the manner of service of process within or without the State shall be as follows:
  (1) Natural Person. -- Except as provided in subdivision (2) below, upon a natural person by one of the following:
    a. By delivering a copy of the summons and of the complaint to the natural person or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.
    b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
    c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee.
    d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the party to be served, delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.
    e. By mailing a copy of the summons and of the complaint by signature confirmation as provided by the United States Postal Service, addressed to the party to be served, and delivering to the addressee.

>           …
>       (7) Partnerships. -- Upon a general or limited partnership:
>           a. By delivering a copy of the summons and of the complaint to any general partner, or to any attorney-in-fact or agent authorized by appointment or by law to be served or to accept service of process in its behalf; by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to any general partner, or to any attorney-in-fact or agent authorized by appointment or by law to be served or to accept service of process in its behalf; or by depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to any general partner or to any attorney-in-fact or agent authorized by appointment or by law to be served or to accept service of process in its behalf, delivering to the addressee, and obtaining a delivery receipt; or by leaving copies thereof in the office of such general partner, attorney-in-fact or agent with the person who is apparently in charge of the office. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.
>           b. If relief is sought against a partner specifically, a copy of the summons and of the complaint must be served on such partner as provided in this section (j).

N.C. Gen. Stat. § 1A-1, Rule 4(j)(1),(7).

Plaintiffs are also informed that Rule 4(d)(3) of the South Carolina Rules of Civil Procedure provides for service "[u]pon a corporation . . . by delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . . ." S.C. R. Civ. P. 4(d)(3). According to the law of South Carolina, service is proper on an individual in the same ways in which it is under Rule 4 of the Federal Rules of Civil Procedure, parts of which were quoted above. S.C. R. Civ. P. 4(d)(1).

Plaintiffs are hereby advised that it is their burden to show how service of process was properly effectuated under the above standards.

**Fed. R. Civ. Pro. 12(b)(6)**

All Defendants who have responded to date also move to dismiss the Amended Complaint for failure to state a claim for relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs must show in their response to Defendants' motions that the Amended Complaint contains sufficient allegations to support a cause of action against each of the Defendants. In order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). While the Court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkts. Inc. v. J.D. Assoc., LLP, 213 F. 3d 175, 180 (4th Cir. 2000). A court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted).

**Deadline to Respond**

The Court notes Plaintiffs failed to timely respond to any of the pending motions to dismiss; however, given the Court's issuance of the Roseboro notice here, the Court will reopen briefing to allow Plaintiffs to respond and Defendants to reply to any respond. Plaintiffs are advised that they have **until December 30, 2021**, to file any and all responses to Defendants' motions in light of the

8

Case 3:21-cv-00217-FDW-DCK    Document 74    Filed 12/09/21    Page 8 of 9

above standards. Plaintiffs' response must be filed in accordance with the Local Rules and this Court's standing orders, be properly served on Defendants, and include a certificate of service indicating the manner in which Plaintiffs served Defendants. Defendants shall have fourteen (14) days after the filing of any response by Plaintiffs to submit a reply. **Plaintiffs' failure to respond may result in Defendants being granted the relief they seek, that is dismissal of the Amended Complaint and this action against them**

    **IT IS THEREFORE ORDERED** that Plaintiffs may respond to Defendants' Motions to Dismiss, (Doc. Nos. 23, 26, 28, 30, 36, 39, 65, 67, 70) **on or before December 30, 2021.** Failure to file a timely and persuasive response could lead to the dismissal of Plaintiffs' lawsuit against Defendants.

    **IT IS ALSO ORDERED** that Plaintiffs' pending motions (Doc. Nos. 42, 52, 53, 54, 55, 56, 57, 58, 59) are DENIED.

    **IT IS ALSO ORDERED** that Defendants' motions for a hearing (Doc. Nos. 33, 35, 67) are DENIED.

    **IT IS SO ORDERED.**

Signed: December 9, 2021

_____
Frank D. Whitney
United States District Judge