UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-cv-00217-FDW-DCK

| | |
|---|---|
| DAVID CARR and MICHAEL SLAFKA, <br><br> Plaintiffs, <br><br> vs. <br><br> ROBERT M. JOHNS JR.; THOMAS F. REECE; PAMELA L. HARRINGTON; THOMAS V. BENNETT; PAUL H. VANDIVER JR.; LAURA MILLER; ROBERT D. FREEMAN; CHAN M. AHN; PHIL HENDERSON; KRISTEN MULLINAX; BETHANY TOTHEROW; CAPITAL EXTERIORS & RENOVATIONS, LLC; G. BRUCE TURNER; CYNTHIA JONES; KUESTER MANAGEMENT GROUP, LLC; WILLIAM DOUGLAS MANAGEMENT, INC.; HENDERSON PROPERTIES, INC.; FAIRWAY TOWNES OWNERS' ASSOCIATION, INC.; SELLERS, AYERS, DORTCH & LYONS, P.A.; and AHN LAW FIRM, LLC; <br><br> Defendants. | ORDER |

THIS MATTER is before the Court on various motions to dismiss filed by several Defendants (Doc. Nos. 23, 26, 28, 30, 36, 39, 65, 70). For the reasons that follow, the Court GRANTS these motions and dismisses the Amended Complaint against all Defendants.

1

In short, Plaintiffs David Carr and Michael Slafka, who appear pro se, filed the Amended Complaint[1] asserting dozens of causes of action against numerous defendants regarding the dispute over the efforts of the Defendant Fairway Townes Owners Association ("FTOA"), a South Carolina homeowners' association comprised of South Carolina property owners, to replace roof shingles on real property located in South Carolina, obtaining approval of a special assessment of $4,500 to cover the costs and then delaying the collection of the special assessment from 2019 to January 1, 2020. The Amended Complaint is nearly seventy pages long, excluding exhibits, and contains broad generalizations and legal argument in an attempt to set forth approximately twenty-six causes of action, twenty-four of which assert claims under state law.

Most of the Defendants have filed motions to dismiss, pursuant to Rule 12(b)(2) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. In response, the Court issued a notice to Plaintiffs advising them of the burden they carried in responding to these motions and cautioning them that failure to respond could result in dismissal of the Amended Complaint. (Doc. No. 74). Plaintiffs failed to provide any response to any of the motions to dismiss, and the time for doing so has long expired. In reviewing the pending motions, it has become clear to the Court that sua sponte consideration of the sufficiency of the Amended Complaint as to all Defendants, including those who have not filed motions or otherwise responded, is appropriate. Indeed, the docket fails to establish service of process on any non-appearing Defendant, and the time for service under the applicable Federal Rules of Civil Procedure has long passed. Putting aside that potential basis for dismissal of the Amended Complaint as against those Defendants, the Court can instead *sua sponte*

---

[1] Notably, after Plaintiffs filed the original Complaint and several Defendants filed motions to dismiss in response, the Court allowed Plaintiffs the opportunity to amend their Complaint in lieu of responding to the motions to dismiss. (Doc. No. 16). Plaintiffs availed themselves of that opportunity, thus mooting the prior motions to dismiss and making the Amended Complaint the operative pleading here.

2

consider whether dismissal under Rule 12(b)(6) is warranted. The Fourth Circuit has explained, "[O]ur sister circuits have recognized [that] there are instances in which *sua sponte* dismissals of complaints under Rule 12(b)(6) are appropriate." Robertson v. Anderson Mill Elementary Sch., 989 F.3d 282, 290 (4th Cir. 2021) (collecting cases; citations and quotations omitted). The Robertson case explains that *sua sponte* dismissal of inadequate complaints is appropriate if "the procedure employed is fair to the parties" and "the party whose complaint stands to be dismissed must be "afforded notice and an opportunity to amend the complaint or otherwise respond." Id. at 291 (citations and quotations omitted). Here, the Court's Roseboro notice provided Plaintiffs notice and an opportunity to respond to the pending motions for dismissal, but it did not specifically indicate the Court was also considering sua sponte dismissal of the non-appearing Defendants. (Doc. No. 74). Even without notice of the intent to *sua sponte* dismiss those claims against those parties, Plaintiffs had notice and every incentive to argue against dismissal by the moving Defendants in order to show viable claims against them; yet Plaintiffs wholly failed to avail themselves of this opportunity. Under this record, the Court will consider the sufficiency of the Amended Complaint against all Defendants.

This Court must dismiss all or part of a complaint over which it lacks subject matter and personal jurisdiction. FED. R. CIV. P. 12(b)(1) and (2). This threshold question shall be addressed by the Court before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). Plaintiffs have the burden of proving that jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

Here, only Defendants Chan M. Ahn and the Ahn Law Firm, LLC, challenge personal jurisdiction. The Amended Complaint avers Mr. Ahn is a South Carolina resident, and Ahn Law

3

Firm is a South Carolina law firm with "its principal place of business in South Carolina." Liberally construing the allegations, Plaintiffs claims arise out of conduct occurring in and property located in South Carolina. Mr. Ahn and Ahn Law Firm contend this Court lacks specific jurisdiction because there is no nexus to North Carolina, and these Defendants also contend they lack sufficient contacts in North Carolina to subject them to general jurisdiction. The Court agrees. Personal jurisdiction is clearly lacking on the face of the Amended Complaint, and Plaintiffs have failed to argue otherwise. For the reasons stated in the unopposed Motion to Dismiss and the supporting memorandum of law, (Doc. Nos. 40, 41), the Court grants the motion to dismiss for lack of personal jurisdiction under either specific or general jurisdiction. In so ruling the Court adopts and specifically incorporates by reference the authorities and analysis contained therein. Id.

Turning to the sufficiency of the Amended Complaint as against all other Defendants, the Court must accept as true all of the factual allegations in the Amended Complaint and draw all reasonable inferences in the light most favorable to Plaintiffs. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). However, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of

4

misconduct" based upon "its judicial experience and common sense." Iqbal at 679 (citations omitted). While the Court may construe Plaintiff's complaint liberally because he is a pro se plaintiff, the complaint must still allege "'facts sufficient to state all the elements of [his] claim'" to survive a motion to dismiss. Williams v. Wal-Mart Stores East, L.P., No. 5:18-CV-33-BO, 2018 WL 3341181, at *2 (E.D.N.C. July 6, 2018) (quoting Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003)).

To resolve the instant motions to dismiss made pursuant to Rule 12(b)(6), the Court need not consider each of Plaintiffs' purported causes of action because the analysis of Plaintiffs' federal law claims is dispositive here.[2] If the Court dismisses the claims over which it has original jurisdiction, the Court can decline to exercise supplemental jurisdiction and therefore not address the merits of Plaintiffs' numerous state law claims. 28 U.S.C. § 1367(c)(3). Looking to the federal causes of action identified in the Amended Complaint, Plaintiffs appear to contend Defendants violated the Computer Fraud and Abuse Act ("CFAA"), as well as the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act.

The CFAA permits a private party "who suffers damage or loss by reason of a violation of [the statute]" to bring a civil action "to obtain compensatory damages and injunctive relief or other equitable relief." 18 U.S.C. § 1030(g). The CFAA makes an individual civilly liable if he (1)

---

[2] Here, Plaintiffs contend this Court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331, as well as diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. No. 16, p. 6, ¶¶ 23, 27). Diversity jurisdiction, however, is clearly lacking based on the allegations appearing on the face of the Amended Complaint indicating Plaintiffs are South Carolina residents, along with several—if not most of—the named Defendants. Lincoln Properly Co. v. Roche, 546 U.S. 81, 82, (2005) (stating that the Supreme Court "has read the statutory formulation 'between ... citizens of different States' . . . to require complete diversity between all plaintiffs and all defendants"). In other words, complete diversity occurs "when no party shares common citizenship with any party on the other side." Baltimore County v. Cigna Healthcare, 238 Fed. Appx. 914, 920, 2007 WL 1655461, at *4 (4th Cir. 2007). Thus, Plaintiffs must rely on federal question jurisdiction.

5

Case 3:21-cv-00217-FDW-DCK    Document 75    Filed 03/22/22    Page 5 of 9

"intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains . . . information from any protected computer," in violation of § 1030(a)(2)(C); (2) "knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value," in violation of § 1030(a)(4); or (3) "intentionally accesses a protected computer without authorization, and as a result of such conduct, recklessly causes damage[,] or . . . causes damage and loss," in violation of § 1030(a)(5)(B)-(C). The trigger for liability under the CFAA in the Fourth Circuit is intentional "access" to a computer without authorization, or "exceed[ing] authorized access" to a computer. WEC Carolina Energy Solutions LLC v. Miller, 687 F.3d 199 (4th Cir. 2012). Here, Plaintiffs have failed to plead *any* plausible facts indicating that *any* of the Defendants accessed a computer without authorization or exceeded their authorized access. This claim is dismissed against all Defendants.

Turning to Plaintiffs' next federal claim, "The FDCPA prohibits harassment or abuse, the use of false or misleading statements or unfair practices when collecting a debt." Gavin v. Enterprise Recovery Systems, Inc., No. 7:16-344-TMC, 2017 WL 24254, at *3 (D.S.C. Jan. 3, 2017) (citing 15 U.S.C. §§ 1692d, 1692e and 1692f). To state a claim for a violation of the FDCPA, a plaintiff must allege: (1) he was the object of collection activity arising from consumer debt, (2) the defendant is a debt collector within the meaning of the statute, and (3) the defendant engaged in a prohibited act or omission under the FDCPA. See id. (citation omitted).

A consumer debt means "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such

6

obligation has been reduced to judgment." 15 U.S.C. §§ 1692a(3), (5). The Fourth Circuit has construed the FDCPA's definition of a debt collector as containing two parts: "[t]he first part defines the classes of persons that are included within the term 'debt collector,' while the second part defines those classes of persons that are excluded from the definition of debt collector." Henson v. Santander Consumer USA, Inc., 817 F.3d 131, 136 (4th Cir. 2016), aff'd, 137 S. Ct. 1718, 198 L. Ed. 2d 177 (2017). The Henson court defines the first part as "(1) a person whose principal purpose is to collect debts; (2) a person who regularly collects debts owed to another; or (3) a person who collects its own debts, using a name other than its own as if it were a debt collector." Id. The court describes the second part of § 1692a(6) as "defin[ing] the classes of persons that are excluded from the definition of debt collector, so that a person who meets one of the definitions of debt collector contained in the first part of § 1692a(6) will not qualify as such if it falls within one of the exclusions." Id. (emphasis added). Thus, "when assessing whether a person qualifies as a 'debt collector,' [courts] must first determine whether the person satisfies one of the statutory definitions given in the main text of § 1692a(6) before considering whether that person falls into one of the exclusions contained in subsections 1692a(6)(A)-(F). If a person does not satisfy one of the definitions in the main text, the exclusions in subsections 1692a(6)(A)-(F) do not come into play." Id. "[A] person collecting nondefaulted debts on behalf of others is not a debt collector." Id. Moreover, the Fourth Circuit has recognized, "The officers of the homeowner's association are not debt collectors under the FDCPA, see 15 U.S.C. § 1692a(4), (6)(A) (2012), nor is [the] Property Management Company, see 15 U.S.C. § 1692a(6)(F)(iii) (2012)." Brooks-McCollum v. Aspen Prop. Mgmt. Co., 551 F. App'x 677, 679–80 (4th Cir. 2014). Because Plaintiffs have not plausibly alleged them to be a "debt collector," dismissal of this claim

7

is appropriate against: 1) the officers of Fairway Townes Owners' Association, Inc., including the individual Board members named in the Amended Complaint; 2) William Douglas Management, Inc.; 3) Henderson Properties; and 4) the Henderson Properties' employees identified as individual Defendants Phil Henderson, Robert M. Johns, Jr., Kristen Mullinax, and Bethany Totherow.

To the extent these Defendants or any remaining Defendants may be considered debt collectors under the FDCPA, Plaintiffs' Amended Complaint also fails to set forth a plausible claim that the special assessment at the heart of the collection activities here was a "consumer debt" or that any Defendants engaged in conduct that violates the FDCPA. In so ruling, the Court adopts the analysis and hereby incorporates the authorities set forth by each of the moving Defendants in their respective motions and supporting memoranda. (See, e.g., Doc. No. 31, pp. 11-13; Doc. No. 66, pp. 12-14). The Court reiterates that Plaintiffs, despite receiving a Roseboro notice from this Court advising them of the burden they carried, failed to respond with argument or authorities in opposition to those asserted by Defendants.

The Amended Complaint also references the Fair Credit Reporting Act, which controls the reporting of information to credit reporting agencies. See 15 U.S.C. § 1681 et. seq. The Amended Complaint, however, fails to provide any allegations of facts that involve any of the Defendants with reporting information to a credit reporting agency. In addition, Plaintiffs fail to allege that any Defendant was a credit reporting agency for purposes of the FCRA or that any Defendant requested or used a credit report. See 15 U.S.C. §§ 1681b (f), 1681n (a); Ausherman v. Bank of Am. Corp., 352 F.3d 896, 900 (4th Cir. 2003). Plaintiffs fail to state a claim against any Defendant under the Fair Credit Reporting Act.

8

Case 3:21-cv-00217-FDW-DCK   Document 75   Filed 03/22/22   Page 8 of 9

IT IS THEREFORE ORDERED that Defendants' Motions to Dismiss (Doc. Nos. 23, 26, 28, 30, 36, 39, 65, 70) are GRANTED, and the Court also *sua sponte* dismisses Plaintiffs' Amended Complaint against the non-appearing Defendants. Plaintiffs have failed to state a legally cognizable claim under the Computer Fraud and Abuse Act, Fair Debt Collection Practices Act, and the Fair Credit Reporting Act against any Defendant. All of Plaintiffs' federal claims are dismissed with prejudice, and the Court declines to exercise jurisdiction over the remaining state law claims. The Clerk of Court is respectfully directed to CLOSE THE CASE.

IT IS SO ORDERED.

Signed: March 22, 2022

_____
Frank D. Whitney
United States District Judge